**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CHARLES M. JOHNSON # 643564,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:25-CV-00362** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **STATE OF TENNESSEE, *et al.*,** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner civil rights case filed by Charles M. Johnson, an inmate of the Trousdale Turner Correctional Complex ("TTCC") in Hartville, Tennessee. (Doc. No. 1). The complaint is Plaintiff's second attempt to recover damages for serious injuries he sustained when he fell trying to exit a prisoner transport van.

Plaintiff has submitted an Application for Leave for Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 5). The Court must resolve the filing fee before moving to the required screening of the prisoner complaint.

## I. FILING FEE

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation (Doc. Nos. 5, 8, 9), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 5) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the TTCC to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund

account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### A. Section 1983 Standard

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured

by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Complaint**

On August 17, 2023, Plaintiff fell while exiting a prisoner transport vehicle. He sustained serious injuries from the fall, the effects of which he still suffers today. He believes that Defendants acted with deliberate indifference to his safety. Plaintiff believes he was not provided with adequate medical care for his injuries. As relief, the complaint seeks millions of dollars in damages. (Doc. No. 1).

**C. Analysis**

The doctrine of res judicata encompasses both claim preclusion and issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984); *Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 528 n.5 (6th Cir. 2006). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Rawe*, 462 F.3d at 528 n.5. "Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." *Gen. Elect. Med. Sys. Europe v. Prometheus Health*, 394 F. App'x 280, 283 (6th Cir. 2010) (citation omitted).

"Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Rawe*, 462 F.3d at 528 n.5; *see Notredan, LLC v. Old Republic Exhange Facilitator Co.*, 875 F. Supp.2d 780, 786 (W.D. Tenn. June 21, 2012) (citing *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) ("Claim preclusion bars . . . litigating a claim or defense that should have been raised, but was not, in the prior suit.")).

In 2024, Plaintiff filed an action in this Court against the "Tennessee Department of Corrections/Corecivic Transportation"; Step Manufacturer & Installation Comp.; Commissioner Swader; Wardens Van Teil, Perry, and Halloway; Sgt. Stafford; C.O. Cunningham Cummings; C.O. Preseley; C.O. Maranda; C.O. Brown; "Members of TDOC (D.B.S.N.)/S.C.C.F. and Corecivic Medical Staff"; "Neurology @ Nashville Healthcare Cte."; Meharry Medical Cte.; Dr. Seahorn – L.D.S.B.N.; and Radumna Signgh, MD. *See Charles Johnson v. Tennessee Dep't of Corr., et al.*, Case No. 3:24-cv-01015 (M.D. Tenn.) (Trauger, J.) (Doc. No. 1). Plaintiff sued for negligence (and arguably, medical malpractice) under state law and for violations of his rights under the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. The Court dismissed that case because Plaintiff's Eighth Amendment claim and related claims under Section 1983 for failure to adequately train and supervise the transport officers who Plaintiff alleged had a duty to protect him from the fall failed to state claims upon which relief could be granted; Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims under the Section 1983 failed to state claims upon which relief can be granted; and his claim concerning the dangerous conditions of confinement at CoreCivic prisons, including TTCC, was misjoined and dismissed without prejudice to being reasserted in a new lawsuit. (*Id.*, Doc. No. 7). The Court also declined to exercise

supplemental jurisdiction over Plaintiff's state law negligence claims, having dismissed all federal claims. (*Id*.)

Plaintiff's instant Sections 1983 claims against the "CoreCivic Transportation" and "CoreCivic Medical Staff" were raised in Plaintiff's prior action. The doctrine of issue preclusion bars relitigation of those claims because the identical issues were raised and actually litigated in the prior proceeding, the determination of the issues was necessary to the outcome of the prior proceeding, the prior proceeding resulted in a final judgment on the merits, and the party against whom issue preclusion is being applied (Plaintiff) had a full and fair opportunity to litigate the issues in the prior proceeding. *See Gen. Elect. Med. Sys.*, 394 F. App'x 280, 283.

Plaintiff's instant claims against the State of Tennessee, Trousdale County, and CoreCivic, Inc. could have been brought in Plaintiff's prior action. All facts upon which Plaintiff's claims rest were known to him when he filed the prior action. Plaintiff should not be permitted to split his cause of action into multiple separate federal lawsuits. *See Notredan*, 875 F. Supp.2d 780, 787. "[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 590 U.S. 405, 412 (2020). *See Brownback v. King*, 592 U.S. 209, 215 n.3 (2021) (parties may not "relitigat[e] the same 'claim' or 'cause of action,' even if certain issues were not litigated in the prior action.").

To the extent that the instant complaint alleges that "he has been denied access to adequate medical care" since the date of filing his previous lawsuit (*see* Doc. No. 1 at 4), the complaint acknowledges that Plaintiff was seen by a neurologist on January 22, 2025, and expects to have a follow-up visit with another neurologist. (*See id*.) "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally

reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law," unless "the medical attention rendered [is] so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The complaint does not so allege.

The Court therefore finds that all claims that arose or could have arisen in Plaintiff's prior action are barred by res judicata and should be dismissed.

The Court is aware that res judicata is an affirmative defense that usually must be raised by a defendant. *See* Fed. R. Civ. P .8(c). However, the Supreme Court and the Sixth Circuit have indicated that a court may take the initiative to assert the res judicata defense sua sponte in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 418 (6th Cir. 2011) (citing *Arizona* for the proposition that the Court may address sua sponte the issue of res judicata). The "special circumstance" recognized in *Arizona* is when "a court is on notice that it has previously decided the issue presented." *Id.* at 412 (citations and internal quotation marks omitted). Here, the Court is on notice of Plaintiff's prior action and finds that applying the doctrine of res judicata sua sponte is appropriate under these circumstances. Plaintiff should not be rewarded for continuing to relitigate the same issues in this Court, especially while receiving the benefit of proceeding each time as a prisoner pauper. The Court fairly considered his claims and rendered decisions. If Plaintiff disagreed with those decisions, he could have availed himself of the opportunity to appeal.[1]

Even if Plaintiff's instant Section 1983 claims were not barred by res judicata, Plaintiff filed this complaint too late. The statute of limitations for a Section 1983 action is the "state statute

---

[1] It does not appear that Plaintiff appealed the Court's prior decision.

of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008). Plaintiff's fall occurred on August 17, 2023, and he filed this action more than a year later, on March 26, 2025. True, Plaintiff asks the Court "to toll the statute of limitations for the filings, due to his mental illness today since this incident 08/17/2023." (Doc. No. 1 at 2). But Plaintiff does not allege that he suffers from a mental illness that prevented him from filing the previous lawsuit on time (although his statement seems to suggest that the mental illness existed at the time of his accident), nor does he explain why he was able to pursue the earlier lawsuit but could not file the instant lawsuit on time when the two lawsuits nearly overlapped timewise. In any event, res judicata bars the Court's consideration of the claims he raises in the instant action.

## III. CONCLUSION

Based on the foregoing, Plaintiff's federal claims are **DISMISSED** due to res judicata.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

William L. Campbell Jr.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE